UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TAMARA ALISHA BATTLES EL,

                Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

                Defendant.

CASE NO. C17-1383-MAT

ORDER RE: PENDING MOTION

## INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Tamara Battles el, proceeding pro se, originally filed this action in the Ninth Circuit Court of Appeals. (*See* Dkt. 1.) Plaintiff seeks review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying plaintiff's claim for disability benefits and preliminary injunctive relief while the challenge to the Commissioner's decision is under review. (Dkt. 2.) Because it lacked original jurisdiction to review the Commissioner's decision, the Ninth Circuit transferred the complaint to this Court. (Dkt. 1.) The Commissioner filed both an answer to the complaint and a motion to dismiss the request for preliminary injunctive relief pursuant to Federal Rule of Civil Procedure 12(b)(1).

ORDER
PAGE - 1

(Dkts. 16-17.) Having now considered the request for preliminary injunctive relief and the Commissioner's motion to dismiss, the Court finds and concludes as follows.

The Social Security Act provides that an individual may seek review of a denial of benefits after a final decision of the Commissioner of Social Security. 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days"). Section 405(g) "clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing.'" *Califano v. Sanders*, 430 U.S. 99, 107-08 (1977). Section 405(g) further serves as the exclusive jurisdictional basis for review of administrative decisions concerning claims for benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. and 1381 *et seq*. 42 U.S.C. § 405(h) ("The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."); *Weinberger v. Salfi*, 422 U.S. 749, 757 (1975) (section 405(h) prevents "review of decisions of the Secretary save as provided in the Act, which provision is made in § 405(g).")

In considering a denial of Social Security disability benefits under § 405(g), this Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Court specifically considers whether the Commissioner's decision has the support of substantial evidence. *Id*. *See also Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). The Court makes that decision with

consideration of the administrative record and the briefing submitted by the parties in accordance with the Court's Scheduling Order. (*See* Dkt. 19.)

Plaintiff here seeks both a reversal of the final decision denying her applications for disability benefits and preliminary injunctive relief through an award and immediate payment of Supplemental Security Income under Title XVI while the petition for review of the final decision is under review. (*See* Dkt. 2 at 15.) However, as set forth above, this Court's jurisdiction is limited to consideration of the Commissioner's final decision denying plaintiff's claim for disability benefits, and to an award of relief in the form of a decision affirming, modifying, or reversing that final decision. A determination and any award of relief will follow consideration of the administrative record and the parties' briefing addressing the Commissioner's final decision. Plaintiff's request for preliminary injunctive relief is, as such, both premature and outside the scope of relief available in this matter. *Cf. Walker v. Colvin*, No. 5:13-cv-01762-EJD, 2013 U.S. Dist. LEXIS 151111 at *6-8 (N.D. Cal. Oct. 21, 2013) ("The limited waiver of sovereign immunity designated by the Act means that the court lacks subject matter jurisdiction over any of Plaintiff's claims or requests for relief premised on something other than judicial review of the ALJ's decision as provided by 42 U.S.C. § 405(g). This would include any request for a protective order or injunction considering such relief falls outside of the scope of what can be awarded against Defendant."; dismissing claim requesting, *inter alia*, injunctive relief and tort recovery where plaintiff did not challenge final agency decision and had not exhausted administrative remedies prior to filing).

The Court, in sum, agrees with the Commissioner that plaintiff is not entitled to the relief at issue and herein GRANTS the motion to dismiss the request for preliminary injunctive relief (Dkt. 16). The Court will address plaintiff's challenge to the Commissioner's final decision

denying benefits following consideration of the parties' briefing on the merits.

DATED this 10th day of January, 2018.

Mary Alice Theiler
United States Magistrate Judge

ORDER
PAGE - 4