UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TAMARA ALISHA BATTLES EL,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,<br><br>Defendant. | CASE NO. C17-1383-MAT<br><br>ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff Tamara Alisha Battles el proceeds *pro se* in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1977.[1] She has a high school diploma and training as a legal assistant, and has worked as an administrative assistant, ship painter, and restaurant server. (AR

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

306, 317.)

Plaintiff protectively applied for SSI and DIB in March 2013. (AR 275-87, 303.) Those applications were denied initially and upon reconsideration, and Plaintiff timely requested a hearing. (AR 181-84, 190-97.)

On December 3, 2015, ALJ Laura Valente held a hearing, taking testimony from Plaintiff and a vocational expert (VE). (AR 40-114.) Plaintiff was represented by counsel. On May 4, 2016, the ALJ issued a decision finding Plaintiff not disabled. (AR 15-31.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on May 16, 2017 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since March 1, 2013, the amended alleged onset date. (AR 20.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's right upper extremity carpal tunnel syndrome, hallux valgus, anxiety disorder, and affective disorder. (AR 20-21.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 21-22.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess

residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing light work with additional limitations. She can lift/carry 20 pounds occasionally and 10 pounds frequently. She can sit six hours in an eight-hour workday, and stand/walk five hours in an eight-hour workday. She can occasionally push/pull with the right leg, and occasionally push/pull with the right arm (within the weight restrictions for lifting/carrying). She can occasionally use the right wrist for repetitive activity such as typing and keyboarding, and perform all other wrist activity at the frequent level. She has no postural limitations, except that she should never climb ladders, ropes, or scaffolds, and can occasionally crawl. She can perform complex and detailed tasks with specific vocational preparation (SVP) levels up to 5, and can maintain concentration and pace for this work in two-hour increments with the usual and customary breaks within an eight-hour workday. She cannot work with the general public. She can have occasional interaction with supervisors, and superficial interaction with coworkers (meaning she can be in the same room/vicinity, but not work in coordination with them). She can respond to workplace changes as might be required for jobs with SVP levels up to 5. (AR 22.) With that assessment, the ALJ found Plaintiff unable to perform past relevant work. (AR 31.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found Plaintiff capable of transitioning to other representative occupations, including front desk receptionist, dessert cup machine feeder, and sterilizer operator. (AR 32-33.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a

1 whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ's decision contains a variety of errors. Dkt. 2. The Commissioner argues that the ALJ's decision is supported by substantial evidence and free of harmful legal error, and should be affirmed.

## Scope of ALJ's decision

The ALJ framed the issue to be decided as whether Plaintiff is disabled under the Social Security Act. (AR 18.) Plaintiff argues that the denials of her applications initially and upon reconsideration framed the issue differently, specifically focusing on whether she could perform her past work or other work. Dkt. 2 at 9-10. Plaintiff also points to the VE's testimony that she could not perform her past work. Dkt. 2 at 10.

Plaintiff has failed to establish error in the ALJ's statement of the issues to be decided. Under the Social Security Act, a claimant is disabled if his or her medically determinable impairments prevent him or her from performing any substantial gainful activity for a period of at least 12 months. *See* 42 U.S.C. § 423 (d)(1)(A). The ALJ's statement of the issues to be decided is consistent with this definition. (AR 18.) The ALJ is not bound by the determinations made by the State agency at the time of the initial and reconsideration reviews. *See, e.g.*, 20 C.F.R. §§ 404.946(a), 404.1513a(b).

In her reply to the Commissioner's brief, Plaintiff again reiterates that the issue presented

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 4

to the ALJ is *not* whether she is disabled, insinuating that because she had been found disabled by Washington state, that issue had already been decided. Dkt. 24 at 2. But the state disability program is not identical to the Social Security disability program: the ALJ properly focused on whether Plaintiff qualified for disability benefits under the Social Security program.

<u>Steps two and three</u>

Plaintiff contends that the ALJ erred in failing to list post-traumatic stress disorder (PTSD) and depression as severe impairments at step two, because she has been diagnosed with both disorders and has been found disabled by Washington state based on those conditions. Dkt. 2 at 10. Plaintiff overlooks that the ALJ acknowledged that Plaintiff was diagnosed with a variety of mental disorders and indicated that she considered all symptoms, regardless of diagnosis. (AR 20-21.) Thus, Plaintiff has not shown that she was prejudiced by the ALJ's failure to reference specific conditions at step two.

At step two, a claimant must make a threshold showing that her medically determinable impairments significantly limit her ability to perform basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. §§ 404.1520(c), 416.920(c). "Basic work activities" refers to "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). "Step two is merely a threshold determination meant to screen out weak claims[,] and is not meant to identify the impairments that should be taken into account when determining the RFC." *Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017).

Because the ALJ explicitly acknowledged that Plaintiff had been diagnosed with other mental conditions beyond those listed at step two, and proceeded beyond step two in the disability determination, Plaintiff has not identified a reversible step-two error.

Plaintiff goes on to argue that she should have been found disabled at step three because

she was diagnosed with a severe musculoskeletal disorder and a severe mental disorder. Dkt. 2 at 10. At step three, the ALJ considers whether one or more of a claimant's impairments meet or medically equal an impairment listed in Appendix 1 to Subpart P of the regulations. The claimant bears the burden of proof at step three. *Bowen*, 482 U.S. at 146 n.5. A mere diagnosis does not suffice to establish disability. *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985). "'[An impairment] must also have the *findings* shown in the Listing of that impairment.'" *Id*. at 1549-50 (quoting § 404.1525(d); emphasis added in *Key*). To meet a listing, an impairment "must meet *all* of the specified medical criteria." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original).

In this case, the ALJ addressed why Plaintiff did not meet or equal any listing, including the listings addressing musculoskeletal disorders and mental disorders. (AR 21-22.) The ALJ identified specific requirements that the evidence did not satisfy. (*Id*.) Plaintiff has not shown that these findings were in error, or that she does satisfy or equal the requirements of any listing. Therefore, she has not established an error at step three.

<u>Medical opinion evidence</u>

Plaintiff mentions many concerns regarding the medical opinion evidence, each of which the Court will address in turn.

At the outset, although Plaintiff contends that the medical evidence unanimously establishes her disability, she is mistaken. The State agency consultants found Plaintiff not disabled, and many medical opinions were not necessarily consistent with disability, namely those written by Gary Gaffield, D.O.; Steven Chen, M.D.; Mark Magdaleno, M.D.; and Robert Schmarrs, M.D. (*See* AR 27-29 (ALJ's discussion of these opinions).)

When an ALJ weighs medical opinions, in general, more weight should be given to the

opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a non-examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another physician, a treating or examining physician's opinion may be rejected only for "'clear and convincing'" reasons. *Id*. (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ may reject physicians' opinions "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes*, 881 F.2d at 751). Rather than merely stating her conclusions, the ALJ "must set forth [her] own interpretations and explain why they, rather than the doctors', are correct." *Id*. (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

First, Plaintiff points to an opinion rendered by examining physician John Scarborough, M.D., that she "was disabled on a physical level." Dkt. 2 at 11 (referencing AR 609-19). The ALJ addressed Dr. Scarborough's opinion, and explained why she found that the contrary opinion of examining physician Gary Gaffield, D.O., better described Plaintiff's limitations. (AR 28.) The ALJ provided multiple specific, legitimate reasons to discount Dr. Scarborough's opinion, none of which Plaintiff challenges. (*Id*.) Because an ALJ is permitted to discount a controverted medical opinion if he or she provides specific and legitimate reasons to do so, Plaintiff has not shown any error pertaining to Dr. Scarborough's opinion.

Plaintiff next argues that the ALJ erred in crediting the opinions of State agency consultants, even though those opinions were not supported by substantial evidence. Dkt. 2 at 12.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 7

But the State agency consultants identified the evidence that they reviewed in reaching their conclusions, and Plaintiff has not shown that the opinions fail to explain how the consultants assessed that evidence. (AR 117-46, 149-80.) An ALJ may rely on a non-examining provider's opinion unless it is contradicted by all the evidence in the record, and Plaintiff has not shown that the State agency opinions in this case were contradicted by all of the other evidence in her case record. *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). Thus, Plaintiff has not demonstrated an error pertaining to the State agency opinions.

Plaintiff lists other opinions, perhaps intending to indicate that the ALJ should have credited those opinions (Dkt. 2 at 13), but she has not addressed the ALJ's reasons for weighing the evidence as she did. Plaintiff also provides an extensive list of evidence in an affidavit attached to her brief. Dkt. 2 at 1-5. This Court reviews an ALJ's reasons for weighing evidence before him or her, but does not reweigh evidence anew. *See, e.g.*, *Amaral v. Berryhill*, 707 Fed. Appx. 487, 488 (9th Cir. Dec. 21, 2017) ("[The claimant] essentially advocates for the Court to reweigh the medical evidence and arrive at a different conclusion than the ALJ; however, she has not established that the ALJ failed to support this decision with substantial evidence or committed a legal error, as required to reverse the ALJ's decision."). The Court declines Plaintiff's invitation to reweigh the evidence in her favor.

In her reply, Plaintiff suggests that the ALJ erred in acting as a medical professional, but the ALJ did not do so. Dkt. 24 at 2. Even though ALJs are not trained in medicine, the ALJ is tasked with performing the five-step disability determination process and "translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r of Social Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). Plaintiff has not shown that the ALJ impermissibly "played doctor" in this case, or that the ALJ's procession through the five-step disability determination was

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 8

improper. *See* Dkt. 24 at 4.

## VE testimony

Plaintiff argues that the ALJ failed to consider the VE's testimony that she would be precluded from performing her past relevant work. Dkt. 2 at 13. But Plaintiff is mistaken: the ALJ cited this testimony at step four and found that Plaintiff could not perform her past relevant work. (AR 31.)

As acknowledged by the Commissioner, however, the ALJ erred at step five in relying on the VE's testimony that Plaintiff could perform the job of front desk receptionist, because the duties of that job implicate interaction with the general public, which was precluded by the ALJ's RFC assessment. *See* Dkt. 22 at 7. This error is harmless, however, because the VE also identified two other jobs that exist in significant numbers. *See Barker v. Sec'y of Health & Human Servs.*, 882 F.2d 1474, 1478-79 (9th Cir. 1989). The ALJ thus met her burden at step five to show that a claimant is not disabled because he or she can perform other work that exists in significant numbers in the national economy. *See* 20 C.F.R. § 416.960(c)(2).

## ALJ errors in other cases

Plaintiff refers to court cases involving the same ALJ, reversing her decisions. Dkt. 2 at 14-15, 23. That this ALJ has made previous errors does not indicate anything about her decision-making in this case, and does not show bias. A claimant alleging ALJ bias must show that an ALJ's behavior was so extreme "'as to display clear inability to render fair judgment.'" *Rollins v. Massanari*, 261 F.3d 853, 858 (9th Cir. 2001) (quoting *Liteky v. United States*, 510 U.S. 540, 555-56 (1994)). Plaintiff has made no such showing here.

## Commissioner's briefing

Plaintiff suggests that the Commissioner's response brief was improper because the

1 | Commissioner is limited to addressing arguments and documentation mentioned in the Appeals Council's decision. Dkt. 24 at 1. Plaintiff cites no authority that supports this argument, and the Court is aware of none.

Plaintiff also lists certain facts that she asserts were misrepresented in the ALJ's decision or the Commissioner's response, but does not explain how any of these purported errors were prejudicial. Dkt. 24 at 2-3. In the absence of a showing of harm, these factual discrepancies do not amount to reversible error. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (holding that a court may not reverse ALJ's decision based on harmless error).

### Additional filings

After filing a reply to the Commissioner's brief, Plaintiff posted a number of additional documents on the court docket. These documents consist of medical records and summaries of medical evidence (Dkt. 26, 38, 39); requests for prompt resolution of her case (Dkt. 28, 30, 38); a petition for a protective order related to an alleged identity theft and fraud (Dkt. 29); a copy of the Crime Victims' Rights Act, 18 U.S.C. § 3771 (Dkt. 36); a copy of 20 C.F.R. § 416.908 (Dkt. 37); and a notice of termination of guardianship/administration to the Social Security Administration (Dkt. 40). None of these documents establish error in the ALJ's decision, which is the subject of this Court's review. Accordingly, although the Court has considered these additional filings, they do not provide a basis for finding that the ALJ's decision should be reversed.

/ / /

/ / /

/ / /

/ / /

/ / /

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED. The clerk shall terminate Plaintiff's proposed motion for order granting her petition for review (Dkt. 28).

DATED this 28th day of March, 2018.

Mary Alice Theiler
United States Magistrate Judge